# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR INDYMAC INDX MORTAGE LOAN TRUST 2006-AR11, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR11,<br><br>Plaintiff,<br>v.<br><br>RONALD OSBORN, SADIE BELL OSBORN, and Does 1-5, inclusive,<br><br>Defendants. | Case No.: 1:23-cv-0003 JLT SKO<br><br>ORDER DENYING REQUEST FOR RECUSAL<br><br>ORDER DENYING MOTION TO AMEND, ALTER JUDGMENT, OR FOR RECONSIDERATION OF THE COURT'S REMAND ORDER<br><br>(Doc. 5) |

Deutsche Bank National Trust Company as Trustee for Indymac INDX Mortgage Loan Trust 2006-AR11, Mortgage Pass-Through Certificates Series 2006-AR11, initiated this action against Ronald Osborn and Sadie Bell Osborn by filing a complaint for unlawful detainer in Tulare County Superior Court, Case No. VCL203611.[1]  (Doc. 1 at 19-21.)  On January 3, 2023, the Osborns filed a Notice of Removal to initiate the matter before this Court.  (Doc. 1.)  Thereafter, the Osborns requested

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The accuracy of the Court's records cannot reasonably be questioned, and judicial notice may be taken of court records. *Mullis v. United States Bank. Ct*., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp*., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), *aff'd* 645 F.2d 699 (9th Cir. 1981); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc*., 615 F.2d 736, 738 (6th Cir. 1980). Therefore, judicial notice is taken of the docket and complaint filed on August 25, 2022 in Case No. VCL203611, which is attached to the Notice of Removal.

1

this Court dismiss the unlawful detainer action. (Doc. 2.) On April 5, 2023, the Court issued an order finding it lacks jurisdiction over the unlawful detainer action and *sua sponte* remanding the action to the state Court. (Doc. 3.) The Osborns now seeks "review and consideration" of the remand order, asserting the decision was unjust, and request the undersigned "recuse herself" and the Court "grant a new removal jurisdiction." (*See* Doc. 5 at 1-2, emphasis omitted.) For the reasons set forth below, the requests are denied.

**I.      Request for Recusal**

The Osborns request the undersigned recuse herself, contending it appears their Notice of Removal was not properly reviewed prior to the *sua sponte* remand, and the order of remand demonstrates bias and prejudice. (*See* Doc. 5 at 3-4, 13-19.)

Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In addition, a judge "shall also disqualify himself in the following circumstances:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>
> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
> (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
>> (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
>>
>> (ii) Is acting as a lawyer in the proceeding;
>>
>> (iii) Is known by the judge to have an interest that could be substantially affected

>>(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>
>>(iv) Is to the judge's knowledge likely to be a material witness in the proceeding."

28 U.S.C.§ 455(b). Thus, "Section 455(a) covers circumstances that *appear* to create a conflict of interest, whether or not there is actual bias," while "Section covers situations in which an *actual* conflict of interest exists, even if there is no appearance of one." *Herrington v. Sonoma County*, 834 F.2d 1488, 1502 (9th Cir. 1987) (emphasis in original, citations omitted).

     The purpose of Section 455 is "to avoid even the appearance of partiality." *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860 (1988) (citation omitted). The standard for disqualification "is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (internal quotation marks, citations omitted). The "reasonable person" is a "well-informed, thoughtful observer" and not an individual who is "hypersensitive or unduly suspicious." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (internal quotations omitted).

     Furthermore, disqualification pursuant to 28 U.S.C. § 455 is required only if the alleged bias stems "from an extra-judicial source." *Toth v. Trans World Airlines, Inc*., 862 F.2d 1381 (9th Cir. 1988). Thus, "conduct or rulings made during the course of the proceeding" alone will not support a motion to disqualify." *Id.*; *see also Liteky v. United States*, 510 U.S. 540, 553 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," because "they cannot possibly show reliance upon an extrajudicial source'"). The moving party bears the burden of proving facts that justify disqualification or recusal. *Denardo v. Municipality of Anchorage*, 974 F.2d 1200, 1201 (9th Cir. 1992).

     The Osborns seek recusal based upon the order issued on April 5, 2023, in which the Court found it lacks jurisdiction over the complaint for unlawful detainer and remanded the action to the state court. (*See* Doc. 5 at 2, 13-14.) The Osborns believe the undersigned "never read what [they] wrote" and did not properly review the Notice of Removal prior to remanding the action. However, the Court was required to review of the Notice of Removal and the attached documents to determine the only claim raised in the state court action was for unlawful detainer, which is a civil matter arising

3

under state law. (*See* Doc. 3 at 3, citing Doc. 1 at 19.) Indeed, the Osborn's acknowledge that the prior finding that "unlawful detainer is the only cause of action identified by Deutsche Bank National Trust Company in the complaint" is "absolutely true," though they believe the fact to be "irrelevant." (*See* Doc. 5 at 4.) Disagreement with the conclusion that the Court lacks jurisdiction over the state court complaint is insufficient to establish actual bias—or even the inference of bias—to support a motion for disqualification under Section 455. The matter before the Court does not support a conclusion that a reasonable person would believe the judge has exhibited bias in this action by finding it lacks jurisdiction over the complaint for unlawful detainer. Because the Osborns have not identified any "extra-judicial source" for the alleged bias, and the prior order alone does not support the request for disqualification, the request for recusal is denied.

## II.     Request for Reconsideration

The Osborns seek to have the Court alter judgment and/or grant relief from the order remanding the action to the state court pursuant to Rule 59(e) and 60(b) of the Federal Rules of Civil Procedure. (Doc. 5 at 1.) In addition, the Osborns seek reconsideration under 28 U.S.C. § 1447(d). (*See id.* at 1-2, 12, 24.)

### A.     Review under 28 U.S.C. § 1447(d)

In general, the Court lacks jurisdiction to review its own order remanding a removed case to a state court for lack of federal subject matter jurisdiction. *See* 28 U.S.C. § 1447(d); *see also Hender v. Am. Directions Workforce LLC,* 2021 WL 2577030, at *1 (E.D. Cal. June 22, 2021) ("[t]he district court generally may not review or reconsider remands for lack of subject matter jurisdiction). Specifically, under Section 1447(d): "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title [28 USCS § 1442 or 1443] shall be reviewable by appeal or otherwise." 47 U.S.C. § 1447(d). However, the Osborns note they raised Section 1443 in their Notice of Removal, and under such circumstances the Court is not divested of its jurisdiction to review its order. *See BP P.L.C. v. Mayor of Baltimore*, 141 S.Ct. 1532, 1533-34 (2021) (finding that under Section 1447(d), a court had jurisdiction to review a remand order where Section 1442 was raised as one of the bases of removal).

4

Furthermore, district courts have regularly addressed motions for reconsideration of orders remanding unlawful detainer actions. *See, e.g., Agus Hartono v. Lewis*, 2022 WL 3908312, at *1 (E.D. Cal. Aug. 30, 2022) (addressing a motion for reconsideration of a remand order concerning an unlawful detainer action removed by pro se defendants, and denying the motion on the merits); *Toy v. Flowers*, 2018 U.S. Dist. LEXIS 132949, at *1-2 (E.D. Cal. Aug. 7, 2018); *Deutsch Nat'l Trust C. v. Read*, 2018 WL 10456560, at *1-2 (C.D. Cal. Aug. 17, 2018) (addressing the merits of a motion under Rule 59(e) and denying the motion, though the court "correct[ed] the reasoning behind its initial remand" because the district court lacks jurisdiction over an unlawful detainer). Accordingly, the Court finds it has jurisdiction to address the motion for reconsideration made in this action.

### B.     Reconsideration under Rule 59(e)

Federal Rule of Civil Procedure 59(e) provides that a party may file a "motion to alter or amend a judgment" within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Ninth Circuit observed: "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)). However, the Court identified "four basic grounds" upon which a motion under Rule 59(e) may be granted:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Id.* On the other hand, dissatisfaction with an order or a belief that the court was wrong in its decision are not adequate grounds for relief. *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). The purpose of a Rule 59(e) motion is not "to give an unhappy litigant one additional chance to sway the judge." *Kilgore v. Colvin*, 2013 WL 5425313 at *1 (E.D. Cal. Sept. 27, 2013) (quoting *Frito-Lay of Puerto Rico, Inc. v. Canas*, 92 F.R.D. 384, 390 (D.P.R. 1981)). Rather, a motion under Rule 59(e) is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022) (citations omitted).

### C. Relief under Rule 60(b)

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." *Id.* Rule 60(b) indicates such relief may be granted "for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Although the Osborns do not specify an enumerated reason under Rule 60(b) to support the relief requested, it appears the motion is based on a belief that the Court made a mistake in finding it lacks jurisdiction. (*See generally* Doc. 5 at 2-24.)

### D. Discussion and Analysis

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *see also Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). The Osborns' motion fail to meet this standard.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* The Osborns maintain the Court has subject matter jurisdiction based upon 28 U.S.C. §1443(1) and 28 U.S.C. § 1452. (Doc. 5 at 2.)

### 1. Civil rights removal

Pursuant to 28 U.S.C. § 1443(1), a defendant may remove a state court action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." Removal under Section 1443(a) limited to "the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that the petitioner's federal rights will inevitably be denied if the case is not removed." *Greenwood v. Peacock*, 384 U.S. 808, 828 (1966) (internal quotations omitted).

To the extent the Osborns contend they suffered due process and equal protection violations with the unlawful detainer action, such allegations are insufficient to invoke jurisdiction under Section 1443(1). *See Georgia v. Rachel*, 384 U.S. 780, 803 (1966) ("broad contentions under the … Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443"). Courts have repeatedly determined defendants failed to establish jurisdiction over an unlawful detainer action under Section 1443(1), as the state court may address any claims of equal protection and due process violations related to the proceedings. *See, e.g., Wilimington Trust Nat'l Assoc. v. Harms*, 2021 WL 5711804, at *2 (E.D. Cal. Dec. 1, 2021) (finding removal under Section 1443(1) was improper and remanding an unlawful detainer action); *Tran v. Allen*, 2016 U.S. Dist. LEXIS 138647, at *1-2 (E.D. Cal. Oct. 5, 2016) (finding the Court lacked jurisdiction where the defendant asserted "Denial of due process in Unlawful Detainer" under Section 1443(1), noting that the "well-pleaded complaint rule" directed the court's attention to the complaint, which included "a single claim for unlawful detainer under California law"); *Homa Prop. Invs. Corp. v. Quilalang*, 2021 WL 5982290, at *1-2 (S.D. Cal. Dec. 17, 2021) (remanding an unlawful detainer action removed pursuant to Setion1443(1)); *U.S. Bank Nat. Assoc. v. Garcia*, 2012 WL 1232115, at *2 (N.D. Cal. Apr. 12, 2012) (finding the district court did not have subject matter jurisdiction under Section 1443 over an unlawful detainer action).

### 2. Bankruptcy removal under 28 U.S.C. § 1452

Pursuant to 28 U.S.C. § 1452(a), a party may "remove any claim or cause of action in a civil action to the district court for the district where such action is pending" if the district court has jurisdiction over the claim under 28 U.S.C. § 1334. District courts are vested with "original but not

exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11" under Section 1334(b). Even after a claim is removed pursuant to Section 1452(a), the court to which the claim has been removed "may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b).

Notably, bankruptcy removal jurisdiction under Section 1452 is also "subject to the well-pleaded complaint rule, meaning that the basis for removal jurisdiction must be evident from the complaint." *Wiley v. Law Offices of Steers & Assocs.*, 2020 U.S. Dist. LEXIS 32856, at *3 (C.D. Cal. Feb. 26, 2020) (citing *East End Props. v. Jones*, 2013 U.S. Dist. LEXIS 160531, at *4 (C.D. Cal. Nov. 5, 2013), citing *Tishau Partners v. Miles*, 2010 U.S. Dist. LEXIS 37948, at *3 (N.D. Cal. Mar. 24, 2010)). Again, because unlawful detainer is the sole cause of action raised in the complaint, there is nothing to invoke jurisdiction under Section 1452.[2] *See East End Props.*, 2013 U.S. Dist. LEXIS 160531, at *4 (C.D. Cal. Nov. 5, 2013) (removal under Section 1452 was improper because "there [was] nothing from the face of Plaintiff's unlawful detainer Complaint to confer bankruptcy removal jurisdiction"); *Quijada v. Hester*, 2016 U.S. Dist. LEXIS 22630, at *2 (C.D. Cal. Feb. 22, 2016) (finding no jurisdiction because an unlawful detainer "action is not a bankruptcy proceeding pursuant to 28 U.S.C. § 1334(b), and therefore cannot be removed pursuant to 28 U.S.C. § 1452").

### 3. Remand

As the Court previously observed, a party seeking removal has the burden of demonstrating its propriety and that the Court has jurisdiction. It is undisputed that unlawful detainer is the only cause of action identified by Deutsche Bank National Trust Company in the complaint. (*See* Doc. 1 at 19; *see also* Doc. 5 at 4 [acknowledging it was "absolutely true" that unlawful detainer is the only cause of action].) Because this is a civil action arising under state law, and the right to relief does not require resolution of a question under federal law, the complaint fails to invoke this Court's subject matter jurisdiction. The Court declines to disturb its prior order remanding the matter to the Superior Court of Tulare County "for lack of subject matter jurisdiction."

---

[2] It is unclear whether the Osborns seek review of a decision issued by a bankruptcy judge concerning the property. To the extent the Osborns request such relief, the Notice of Removal of the state court action is not the proper method to do so, as the complaint does not invoke jurisdiction under Section 1452. *See* 28 U.S.C. § 1581(a)(1) (addressing appeal and jurisdiction over decisions issued by bankruptcy judges).

### III. Conclusion and Order

For the reasons set forth above, the Osborns fail to show recusal from this action is warranted and fail to show the Court has subject matter jurisdiction. To the extent the Osborns suggest the Court take jurisdiction "to modify, reverse, or extend existing law or to make new law" (*see* Doc. 5 at 8), the Court declines to do so. As the Ninth Circuit explained, removal statutes are to be "strictly construe[d] … against removal jurisdiction." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)). The Osborns fail to show either a mistake or manifest error of law with the Court's conclusion that it lacks subject matter jurisdiction over the unlawful detainer complaint. Accordingly, the Court **ORDERS**:

1. The request for recusal is **DENIED**.
2. The motion to amend, alter judgment, or for reconsideration of the remand order under Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1447(d) (Doc. 5) is **DENIED**.
3. The Court will not accept any further motions in this closed and remanded case.

IT IS SO ORDERED.

Dated: **May 9, 2023**

*[signature]*
UNITED STATES DISTRICT JUDGE

9